**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 2, 2021

LETTER TO PARTIES

      RE:    *Jeremy C. v. Kijakazi*[1]
              Civil No. SAG-20-649

Dear Plaintiff and Counsel:

      On March 4, 2020, Plaintiff, proceeding *pro se*, filed a complaint in which he contested a decision by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. The Commissioner filed a Motion to Dismiss for, in part, lack of subject matter jurisdiction and cited Plaintiff's failure to exhaust his administrative remedies. ECF No. 16. This Court granted the Commissioner 21 days in which to consider whether the motion was appropriately presented under Federal Rule of Civil Procedure 12(b)(1), rather than Rule 12(b)(6). ECF No. 26. The Commissioner filed an amended motion in which she moved pursuant to either Rule 12(b)(1) or Rule 12(b)(6) or, alternatively, Rule 56. ECF No. 27. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF No. 1, the Commissioner's Motion to Dismiss, ECF No. 16, Plaintiff's Motion for Summary Judgment, ECF No. 20, the Commissioner's Response in Opposition, ECF No. 24, Plaintiff's Reply to Response, ECF No. 25, and the Commissioner's Amended Motion, ECF No. 27. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted, and Plaintiff's Motion for Summary Judgment is denied.

    I.     Exhaustion of administrative remedies in actions brought pursuant to 42 U.S.C. § 405(g) is nonjurisdictional.

      "[W]hether a particular exhaustion requirement . . . is jurisdictional turns on the statutory language and the purpose of the exhaustion at issue." *Stewart v. Iancu*, 912 F.3d 693, 701 (4th Cir. 2019). With respect to Social Security appeals, Congress vested federal courts with jurisdiction over "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). The Supreme Court interprets § 405(g)'s finality requirement to consist "of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, SOC. SEC. ADMIN., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).

*Jeremy C. v. Kijakazi*
Civil No. SAG-20-649
August 2, 2021
Page 2

nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

Plaintiff's application for benefits satisfies the nonwaivable element. *See, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) (finding § 405(g) conferred no jurisdiction over unnamed class members, none of whom the complaint alleged filed applications for benefits, but did confer subject matter jurisdiction over the named plaintiffs, who applied for and were denied SSA benefits).

The waivable element—"the exhaustion requirement"—is not "purely" jurisdictional. *Mathews*, 424 U.S. at 328; *see Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (describing the waivable element as a "nonjurisdictional element of administrative exhaustion"). Unlike a defect in subject matter jurisdiction, the exhaustion requirement may be waived by the agency or excused by the courts. *Smith*, 139 S. Ct. at 1773-74 (citing *Weinberger*, 422 U.S. at 767; *Bowen v. City of New York*, 476 U.S. 467, 484 (1986)). The exhaustion requirement is, however, "mandatory." *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019) (discussing 42 U.S.C. § 405(g)'s exhaustion requirement in the context of an appeal of claim arising under the Medicare Act, which expressly incorporates § 405(g)'s standards for judicial review by cross-reference, *see* 42 U.S.C. § 1395ff(b)(1)(A)). Thus, the Court will consider whether Plaintiff failed to exhaust his administrative remedies under Rule 12(b)(6) or, alternatively, Rule 56.

II.     Resolution of the pending motions is proper under Federal Rule of Civil Procedure 56.

The motions pending before the Court are: (1) the Commissioner's Amended Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, ECF No. 27, and (2) Plaintiff's Motion for Summary Judgment, ECF No. 20. Both motions were filed with matters outside the pleadings. Because the Commissioner moved under Rule 12(b)(6) or, alternatively, Rule 56, the Court must first consider whether conversion of the Commissioner's motion to dismiss to a motion for summary judgment is proper.

Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer*

*Jeremy C. v. Kijakazi*
Civil No. SAG-20-649
August 2, 2021
Page 3

*Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012). If the Court considers matters outside the pleadings, it must treat a 12(b)(6) motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (internal quotation marks omitted) (internal citations omitted).

As to notice, the Fourth Circuit has sometimes been particularly protective of *pro se* plaintiffs, against whom summary judgment has been found improper without notice comporting to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam). In *Roseboro*, the Fourth Circuit held a *pro se* inmate-plaintiff in a 42 U.S.C. § 1983 case was entitled to fair notice of the requirements of the summary judgment rule, stressing the need for a form of notice sufficiently legible to one in the plaintiff's circumstances. 528 F.2d at 310. In particular, the Court was concerned with the fact that the District Court entered summary judgment against the *pro se* plaintiff on the grounds that the defendant-movant submitted affidavits in support of the motion and the plaintiff did not filed any counter-affidavit. *Id.*; *see also, e.g.*, *Taccino v. Nat'l Rural Letter Carriers Ass'n*, 120 F. App'x 453 (4th Cir. 2005) (applying *Roseboro* to find summary judgment improper against a *pro se* plaintiff who responded to the defendant's motion for summary judgment but did not file affidavits and did not receive notice of potential judgment against him).

*Roseboro*'s reach to cases outside the inmate-prisoner context is unclear. In *Burrow v. Shalala*, 8 F.3d 816, 1993 WL 410363 (4th Cir. 1993) (unpublished table decision), the Fourth Circuit opined that *Roseboro*'s notice requirements apply to magistrate judges recommending summary judgment against *pro se* plaintiffs in Social Security appeals cases. Yet, subsequent to *Burrow*, the Fourth Circuit also suggested *Roseboro*'s notice mandate may not be applicable outside "the prison inmate context," noting that most Fourth Circuit cases applying *Roseboro*'s mandate are unpublished. *Amzura Enters., Inc. v. Ratcher*, 18 F. App'x 95 n. 11 (4th Cir. 2001) ("[Plaintiffs in a civil case] also argue that because they were *pro se* litigants, the district court erred in failing to give them notice pursuant to *Roseboro* . . . prior to granting [the] motion for summary judgment. We note, however, that we are unaware of any published decision in our Circuit applying *Roseboro* outside the prisoner context. In any case, . . . even if we assumed the district court erred in failing to give [plaintiffs] *Roseboro* warnings, such error was, at most, harmless.") (internal citations omitted).

Assuming without deciding that *Roseboro*'s notice requirements apply to this case, I find that Plaintiff received sufficient notice that the Commissioner's motion may have been converted to one for summary judgment. After receipt of the Commissioner's initial Motion to Dismiss, ECF No. 16, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 17. This notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. This Court routinely finds that the "Rule 12/56 notice" satisfies *Roseboro*'s requirements. *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825

*Jeremy C. v. Kijakazi*
Civil No. SAG-20-649
August 2, 2021
Page 4

(D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). Although the Commissioner had moved under Rule 12(b)(1) at the time the notice was mailed, *see* ECF No. 16, and consideration of matters outside the pleadings would have been appropriate under that Rule without conversion of the motion to one for summary judgment, *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004), this Court sent a Letter to the Parties that expressly forewarned Plaintiff of the possibility of the entry of summary judgment against him, ECF No. 26. Plaintiff, moreover, submitted an affidavit in support of his own Motion for Summary Judgment, *see* ECF No. 20, and attached matters outside the pleadings as exhibits in support of that motion, ECF Nos. 20-1, 20-2, 20-3. Consequently, I find that Plaintiff was provided sufficient notice.

As to Rule 12(d)'s requirement that Plaintiff have received reasonable opportunity to submit affidavits and pursue discovery, here Plaintiff received ample opportunity to submit evidence in opposition to the Commissioner's motions and attachments. The Commissioner's initial Motion to Dismiss was filed on September 2, 2020. ECF No. 16. Plaintiff subsequently filed his own Motion for Summary Judgment, ECF No. 20, and a Reply to the Commissioner's Opposition to that motion, ECF No. 25. Further, this Court's Letter to the Parties, which was sent on April 30, 2021, granted Plaintiff 21 days in which to file any opposition to the Commissioner's amended motion. ECF No. 26. I therefore find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

III.    Summary judgment against Plaintiff is appropriate both because he failed to exhaust his administrative remedies and because his incarceration prevents any present award of benefits.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Plaintiff began receiving Childhood Disability Benefits on September 10, 1998. Declaration of Kristin M. Kent, Social Security Disability Insurance Specialist ("Kent Decl.") ¶ 4.

*Jeremy C. v. Kijakazi*
Civil No. SAG-20-649
August 2, 2021
Page 5

Plaintiff then began receiving Supplemental Security Income benefits on September 16, 2003. Declaration of Mandy Stokes, Supplemental Security Income Program Expert ("Stokes Decl.") ¶ 4. In early 2012, Plaintiff and his representative payee were incarcerated. ECF No. 20; Stokes Decl. ¶¶ 5, 6; Kent Decl. ¶ 7. The SSA suspended Plaintiff's benefits. Kent Decl. ¶¶ 6, 7. In 2013, Plaintiff was convicted. ECF No. 20. The SSA notified Plaintiff that he had been underpaid benefits from the time of the initial termination until his conviction. Kent Decl. ¶ 12. Plaintiff and the Commissioner do not dispute the amount of the underpayment. ECF No. 20; Kent Decl. ¶ 12. Rather, the parties dispute Plaintiff's present entitlement to disbursement of the underpayment.

The Commissioner argues that Plaintiff failed to exhaust his administrative remedies by failing to request reconsideration of any of the decisions relating to his benefits. Alternatively, the Commissioner argues that Plaintiff's ongoing incarceration prevents him from receiving benefits from the SSA. Plaintiff argues that, although he did not mail the SSA a request for reconsideration form, he did send letters to the SSA in which he requested a blank copy of that form. Separately, he argues that his current incarceration does not prevent the SSA from disbursing benefits to him. Because I agree with Commissioner on both points, the Commissioner's motion is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

    A. **Summary judgment is proper against Plaintiff because he failed to exhaust his administrative remedies.**

The Social Security Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). As discussed above, this Section contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC*, 943 F.3d at 200. "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims*, 530 U.S. at 106 (citing 42 U.S.C. § 405(a); *Weinberger*, 422 U.S. at 766). The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen*, 476 U.S. at 484-85, a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that Plaintiff failed to request reconsideration of any decision at any point. ECF No. 27-1 8-9. She attaches two SSA employees' declarations in which the employees affirm that the SSA has no record of any reconsideration requests. Stokes Decl. ¶ 7; Kent Decl. ¶ 13. Plaintiff concedes that he did not file a request for reconsideration, but he argues that he has repeatedly requested the appropriate form from the SSA, who he affirms never mailed him the form. ECF No. 20. Plaintiff also attached to his motion three letters he claims he

sent the SSA regarding his benefits.  ECF No. 20-1 (dated August 27, 2012); ECF No. 20-2 (dated October 25, 2012); ECF No. 20-3 (dated September 21, 2020).  In the letters from October 25, 2012, and September 21, 2020, Plaintiff requests the reconsideration form, *see* ECF Nos. 20-2, 20-3, but the letter from September 21, 2020, is dated several months after he instituted this action in federal court, *see* ECF Nos. 1, 20-3.  In response, the Commissioner submitted a third declaration in which an employee of the SSA affirmed that the Agency has no record of ever having received either of the 2012 letters.  *See* ECF No. 27-2 at 7 ¶ 4.

Plaintiff's argument contains irreconcilable inconsistencies with respect to his communications with the SSA.  In the August 2012 letter, Plaintiff requested that his address be updated from the one he used prior to his incarceration to the address of the Harford County Detention Center.  ECF No. 20-1.  In his motion, he affirms that "[t]he [C]ommissioner failed to answer all correspondence[s]."  ECF No. 20.  Yet, in the October 2012 letter attached to his motion, Plaintiff wrote, "I received your reply back about the status of my Social Security Disability Benefits."  ECF No. 20-2.  The "reply" must have been to his August 2012 letter, which is the only letter he attached that predates the October 2012 letter.  *See* ECF Nos. 20-1, 20-2, 20-3.  Although Plaintiff argues that the Commissioner never replied to his letters, and that the Commissioner continued to mail notices to the incorrect address, he submitted evidence that suggests not only that the Commissioner did reply but that she did so to the address at which he was then incarcerated.  *See* ECF No. 20.

Nevertheless, the Commissioner submits evidence that she never received the letters, and she attaches to her motion the string of notices the SSA sent Plaintiff during the relevant time period.  *See* ECF Nos. 27-1, 27-2.  The Commissioner did not mail any notices in the period between August 27, 2012, and October 25, 2012.  *See id.*  The closest dates come from notices dated July 9, 2012, and October 31, 2012.  *See id.*  Thus, there could not have been a reply to an August 27, 2012 letter before October 25, 2012.  Plaintiff himself did not submit the reply he references in the letter.  *See* ECF No. 20.  Neither did Plaintiff submit any evidence suggesting he mailed the letters on or around the dates handwritten on the papers.  *See id.*  Plaintiff also did not submit any evidence that he requested reconsideration prior to filing his complaint in this Court other than the October 25, 2012 letter, which contains several irreconcilable inconsistencies with the Commissioner's evidence and Plaintiff's own description of the events.  *See* ECF Nos. 20, 25.  Additionally, the Commissioner has not agreed to waive the exhaustion requirement, *see* ECF No. 27, nor has Plaintiff argued that this Court should waive the exhaustion requirement, *see* ECF Nos. 20, 25.  Considering the foregoing, on the evidence before the Court,  a reasonable jury could not find that Plaintiff requested reconsideration.  Summary judgment is therefore appropriate against Plaintiff for his failure to exhaust his administrative remedies.

B. **Summary judgment against Plaintiff is proper because Plaintiff cannot receive benefits while incarcerated.**

The Commissioner of Social Security is statutorily prohibited from disbursing underpayments to individuals "confined in a jail, prison, or other penal institution or correctional

*Jeremy C. v. Kijakazi*
Civil No. SAG-20-649
August 2, 2021
Page 7

facility pursuant to his conviction of a criminal offense."   42 U.S.C. §§ 402(x)(1)(i),
404(a)(1)(B)(ii)(I).

Plaintiff argues that he is presently entitled to the underpayment.  ECF No. 20.  The
Commissioner does not dispute that an underpayment remains on Plaintiff's record but rather
argues that Plaintiff cannot presently receive the underpayment because he continues to be
incarcerated.  *See* ECF No. 27; 42 U.S.C. §§ 402(x)(1), 404(a)(1)(B)(ii)(I).

In his complaint, Plaintiff lists his address as 14100 McMullen Highway SW, Cumberland,
Maryland 21502.  ECF No. 1.  This is the address of the North Branch Correctional Institution.
He likewise lists his identification number.  *Id.*  Plaintiff also affirms that he was convicted for an
offense in March of 2013.  ECF No. 20.  Plaintiff does not dispute the fact that he remains
incarcerated.  *See* ECF Nos. 20, 25.  He argues instead that even though he is incarcerated, he "still
has to provide for [himself] even thou[gh] [he] is in prison."  ECF No. 25.  The Commissioner
cannot disburse Plaintiff's underpayment while he remains incarcerated for a convicted offense,
nor is there any legal basis for this Court to order otherwise.  *See* 42 U.S.C. §§ 402(a)(1)(i),
404(a)(1)(B)(ii)(I).  Thus, no reasonable jury could find Plaintiff presently entitled to his
underpayment, and summary judgment against Plaintiff is warranted on that basis as well.

For the reasons set forth herein, the Commissioner's Amended Motion to Dismiss, ECF
No. 27, is treated as a motion for summary judgment and GRANTED.  Plaintiff's Motion for
Summary Judgment, ECF No. 20, is DENIED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An
implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge